IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**YULANADA CHESNUT**,

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                              **No. 12-0697-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Chesnut's motion to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Based on the following, the Court summarily dismisses Chesnut's petition.

On August 5, 2008, a grand jury indicted Yulanda Chesnut for possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and for distribution of cocaine base in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(C) (*United States v. Chesnut*, 08-30176-DRH; Doc. 1). On September 4, 2008, the government filed an information to establish prior conviction (*Id.*; Doc. 12). That information contained 4 (four) prior Illinois felony convictions for unlawful possession of a controlled substance.

On October 10, 2008, Chesnut plead guilty to the charges contained in the indictment (*Id.*; Docs. 15 & 16).[1] In the stipulations of fact, Chesnut and the

---

[1] The Court notes that there was not a plea agreement.

government stipulated to the following:

> As to the May 29, 2008 incident in Count I of the indictment: "The crack cocaine that was taken from Defendant's underwear was sent to the Illinois State Police crime lab for analysis, where it tested positive for cocaine base and weighed 45.3 grams. The Defendant possessed the crack cocaine knowingly and with the intent to distribute it, and the Defendant knew that the crack cocaine was a controlled substance."
> As to the July 2, 2008 incident in Count II of the indictment: "The crack cocaine was sent to the Illinois State Police crime lab for analysis, where it tested positive for cocaine base and weighed 1.4 grams. The Defendant distributed the crack cocaine knowingly and knew it was a controlled substance."

On January 16, 2009, the Court sentenced Chesnut and judgment was entered the same day (*Id.*; Docs. 24 & 26). On January 23, 2009, Chesnut filed a notice of appeal (*Id.*; Doc. 28). On January 29, 2009, the Clerk of the Court entered an amended judgment (*Id.*: Doc. 29). On July 2, 2009, the Seventh Circuit issued a Mandate remanding the case to this Court for correction of the written judgment so that it is consistent with the oral judgment (*Id.*; Doc. 39). On July 27, 2009, an amended judgment was entered sentencing Chesnut to 210 months imprisonment on Counts I and II of the indictment to run concurrently (*Id.*; Doc. 41). Chesnut did not appeal the amended judgment.

On October 11, 2011, Chesnut filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses (*Id.*; Doc. 43). On October 12, 2011, the Court appointed Federal Public Defender Phillip Kavanaugh to represent Chesnut for her crack cocaine motion (*Id.*; Doc. 44). That same day, Mr. Kavanaugh entered

his appearance on behalf of Chesnut (*Id.*; Doc. 45). As of that date, Chesnut's crack cocaine motion remains pending. Thereafter on June 11, 2012, Chesnut filed this § 2255 petition (Doc. 1).

Pursuant to Rule 4 of the Rules Governing § 2255 cases, the Court must give initial consideration of Chusnut's petition. Rule 4 reads:

> If it plainly appears from the motion, any attached exhibits and records of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases. During this initial review, the Court looks to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Chesnut's petition was filed almost three years after the Court entered the amended judgment in this case. Because it was not filed within the one-year statute of limitations provided by statute, Chesnut must rely on one of the tolling provisions of § 2255(f).[2] Here, she seeks to attack her conviction arguing that her counsel

---

[2] A one-year statute of limitations applies to any motion to vacate, set aside, or correct a sentence under §2255, which runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

neglected to insist on a laboratory analysis of the substance and that this error was prejudicial to her.  She maintains that she is entitled to relief based on the Supreme Court's holding in *DePierre v. United States*, 131 S.Ct. 2225 (2011).  *DePierre* involved a petitioner with an argument similar to the one advanced by Chesnut.  In *DePierre*, the petitioner argued that in order to receive an enhanced sentenced under 21 U.S.C. § 841(b)(1), the prosecution is required to prove that the crime involved"crack."  The Supreme Court disagreed, noting that §841(b)(1) merely requires that the drug in question contain "cocaine base" and held that "cocaine base" includes not only crack, but also cocaine in its chemically basic form (i.e. "cocaine base").

§ 2255(f)(3) provides that the one-year period begins to run from the date the Supreme Court recognized the new right *if* it is made "retroactively to cases on collateral review."  That has not happened here.  First, Chesnut has not shown that *DePierre* is retroactive.  Further, *DePierre* did not establish a new rule of constitutional law nor did it make any such rule "retroactive to cases on collateral review."  *See Fields v. United States*, 11-14997 (July 19, 2012 11th Cir. 2012)("Fields has not shown that *DePierre* … are retroactive…"); *United States v. Crump*, 2012 WL 604140, *2 (W.D. Va. 2012) (dismissing as untimely a § 2255 petition relying on *DePierre*, noting that "*DePierre* is not retroactively applicable to cases on review"); *Wilson v. United States*, 2011 WL 6308907 at *3 (W.D. La. 2011)("*DePierre* has not been recognized or declared a retroactively applicable Supreme Court decision.").

Even if the petition were timely, however, *DePierre* does not provide a basis for relief. Chesnut's arguments that her counsel was ineffective for mis-advice regarding acceptance of a plea agreement by failing to require the government to establish any scientific identification or expert analysis of the relevant substance (i.e., cocaine base/crack) fails on the grounds that, in light of *DePierre*, no prejudice can be shown. In *DePierre*, the Supreme Court held that the term cocaine base found in 21 U.S.C. § 841(b)(1) means the chemically basic form of cocaine." *Id.* at 2237. DePierre was charged under a former version of 21 U.S.C. §§ 841(a)(1) and (b)(1) with distributing more than 50 grams of cocaine base. He asked the district court for a jury instruction that, in order to find him guilty of distribution of cocaine base, the jury must find that the offense involved "the form of cocaine base known as crack cocaine." *Id.* at 2231. The First Circuit affirmed the district court's refusal to give the requested instruction, holding that cocaine base is in the statute referred to all forms of cocaine base, "including but not limited to crack cocaine." *Id.* at 2231 (quoting *United States v. DePierre*, 559 F.3d 25, 30-31 (1st Cir. 2010)). The Supreme Court also affirmed finding that the statute reached all forms of cocaine in its base form, including crack cocaine, free base, and coca paste. *DePierre*, 131 S.Ct. at 2231-2232.

Here, the indictment against Chesnut charged that she "did knowingly and intentionally possess with intent to distribute 5 grams or more of a mixture or substance containing cocaine bases, in the form commonly known as "crack cocaine," in Count I and that she "did knowingly and intentionally distribute a mixture or

substance containing cocaine base, in the form commonly known as "crack cocaine," in Count II.  Further, the records reveals through the stipulation of facts that Chesnut's offenses involved crack cocaine.  Chesnut has not shown that *DePierre* demonstrates that she is actually innocent of the charges.  *DePierre* merely defines the term "cocaine base."  *DePierre*, 131 S.Ct. at 2231-32.  For all these reasons, the Court finds that Chesnut's petition must be dismissed.

Should petitioner desire to appeal this Court's ruling dismissing her motion under 28 U.S.C. § 2255, she must first secure a certificate of appealability, either from this Court or from the court of appeals.  *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner need not show that her appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner has not stated any grounds for relief under § 2255.  Furthermore, the Court finds no

basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right." Thus, the Court concludes that a certificate of appealability shall not be issued.

Accordingly, the Court **DISMISSES with prejudice** Yulanda Chesnut's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 9th day of August, 2012.

David R. Herndon
2012.08.09
07:45:18 -05'00'

**Chief Judge
United States District Court**