### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**YULANDA CHESNUT**,

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                              **No. 12-0697-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Chesnut's pleading "Response To Memorandum And Order" which the Court construes as a motion to reconsider (Doc. 5). Specifically, Chesnut's moves the Court to reconsider its August 9, 2012 Order dismissing with prejudice her 28 U.S.C. § 2255 petition Based on the following, the Court denies Chesnut's motion.

Although they are frequently filed, the Seventh Circuit describes a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States,* 43 F.3d 1140, 1142 n. 2 (7th Cir.1994). *See also Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n. 1 (7th Cir. 2001) ("Technically, a 'Motion for Reconsideration' does not exist under the Federal Rules of Civil Procedure."). This type of motion "is a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was

overlooked." *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir.2004) (internal quotation omitted). Thus, a court "may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *U.S. v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008).  In *Frietsch v. Refco, Inc.,* 56 F.3d 825 (7th Cir.1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828. *See also Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Oto v. Metropolitan Life Insurance Company*, 224 F.3d 601, 606 (7th Cir.2000) (stating that a party cannot use a motion to reconsider "to introduce new evidence that could have been presented earlier").

There are two ways in which a Court may analyze a Motion to Reconsider, under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion for reconsideration is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule

59(e); later motions will be construed as pursuant to Rule 60(b).[1] *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). However, where "the only arguable basis for relief presented in the motion ... is 'excusable neglect,' " the court should apply the standards governing a motion under Rule 60(b). *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006). Chesnut's motion was filed within 28 days of the Order and Judgment, thus, the Court will analyze the motion under Rule 59(e).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Harrington v. City of* Chicago, 433 F.3d 542, 546 (7th Cir. 2006); *Romo v. Gulf Stream Coach,*

---

[1]Prior to 2009, the time period for filing the motion was ten days.

*Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001)("Rule 59(e) requires that the moving party ... 'present newly discovered evidence' or 'clearly establish a manifest error of law or an intervening change in the controlling law.'"); Matter *of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). The Seventh Circuit has emphasized that Rule 59(e) may not be used to relitigate issues already argued or to present new arguments that *could have been presented* before judgment was entered.  *See, e.g., Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986); *Publishers Resource, Inc., v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**.**

The Court finds that Chesnut neither presented newly discovered evidence nor identified a manifest error of law or fact.  The motion merely takes umbrage with the Court's ruling.  Chesnut has not demonstrated -and the record reveals -no basis warranting relief under Rule 59(e).  The Court remains convinced of the correctness of its decision.

Accordingly, the Court **DENIES** Chesnut's motion to reconsider (Doc. 5).

**IT IS SO ORDERED.**

Signed this 27th day of September, 2012.

Digitally signed by
David R. Herndon
Date: 2012.09.27
15:13:21 -05'00'

**Chief Judge**
**United States District Court**